# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY PARSONS,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0051** (BOR Appeal No. 2051501)
(Claim No. 2014021465)

**BIG SANDY FURNITURE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy Parsons, by Otis R. Mann Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Big Sandy Furniture, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

The issue presented in the instant appeal is the amount of permanent partial disability resulting from a compensable injury. On July 7, 2015, the claims administrator entered an order granting no permanent partial disability award. The Workers' Compensation Office of Judges affirmed the claims administrator's decision on July 29, 2016. This appeal arises from the Board of Review's Final Order dated December 16, 2016, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Parsons, an inventory clerk, filed a Report of Injury stating that she sustained injuries to her left hip, left side of her back, right arm and left shoulder on January 24, 2014, when she fell on a ladder. Ms. Parsons reported her left shoulder struck a box of Sauder entertainment systems so forcefully that she dented the box. She immediately sought medical treatment at MedExpress Urgent Care, and it was determined that she had sustained an occupational injury. Ms. Parsons sought treatment with David Felder, M.D., on February 4, 2014, for her left

1

shoulder pain.  Dr. Felder reported that x-rays of the shoulder, elbow and wrist did not show any evidence of fractures or dislocations. He stated that Ms. Parsons's discomfort had improved. Dr. Felder's assessment of Ms. Parsons's condition was a diagnosis of a sprained left shoulder and she was referred to physical therapy.  Dr. Felder stated that Ms. Parsons may return to work on February 5, 2014, with no lifting or pulling with the upper left extremity.

On February 10, 2014, the claims administrator approved the claim for dislocation of the left shoulder.  Ms. Parsons was eligible for temporary total disability benefits from January 25, 2014, through February 4, 2014. On February 11, 2014, Ms. Parsons had her initial physical therapy evaluation at MedCare Therapy Center.  On February 21, 2014, Ms. Parsons returned to MedCare for her fifth physical therapy session and reported she was doing much better. Ms. Parsons was ultimately released to return to work on February 25, 2014, with no restrictions.

Ms. Parsons was treated by Timothy Deer, M.D., on September 17, 2014, with a chief complaint of low back pain and bilateral leg pain.  Dr. Deer stated that an MRI dated May 6, 2014, showed that Ms. Parsons suffers from a bulging disc at L5-S1, degenerative change with reactive endplate changes and mild bilateral neural foraminal narrowing. Dr. Deer's assessments were lumbar disc degeneration, lumbar spondylosis and lumbar radiculopathy. He recommended Ms. Parsons remain off work for six to eight weeks, and ordered bilateral lumbar facet joint injections to treat the lumbosacral spondylosis.

In an independent medical report dated June 25, 2015, Marsha Bailey, M.D., diagnosed Ms. Parsons with chronic lumbar pain without true lumbar radiculopathy. Dr. Bailey noted that her left shoulder strain and contusion resolved uneventfully with the help of five physical therapy sessions. Dr. Bailey found Ms. Parsons's shoulder examinations to be completely normal, with full range of motion measurements, asymptomatic and equal to her uninjured right shoulder. For the fully resolved left shoulder, Dr. Bailey assessed 0% whole person impairment. In regard to lumbar complaints, Ms. Parsons was assessed at 5% whole person impairment under the Range of Motion method of the American Medical Association, *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993).  She found that Ms. Parsons is classified under Lumbar Category I of West Virginia Code of State Rules §85-20-C (2006) with the impairment range of 0% whole person impairment. Because the Range of Motion impairment of 5% does not fall within the accepted range, Dr. Bailey adjusted the lumbar impairment to 0% pursuant to West Virginia Code of State Rules § 85-20-1 (2006). On July 7, 2015, the claims administrator granted Ms. Parsons no permanent partial disability award based on the medical report of Dr. Bailey.

Bruce A. Guberman, M.D., submitted an independent medical examination dated November 18, 2015. Dr. Guberman found that Ms. Parsons's symptoms had improved, but had not entirely resolved.  His impression was chronic post-traumatic strain of the lumbar spine, with a spinal cord stimulator placement, and chronic post-traumatic strain of the left shoulder. Dr. Guberman found 2% whole person impairment for the left shoulder. Dr. Guberman also found 5% whole person impairment for the lumbar spine.

An Addendum Report was prepared by Dr. Bailey on January 25, 2016. Dr. Bailey stated that she reviewed Dr. Guberman's assessment and believes that her impairment recommendation is a more accurate reflection of Ms. Parsons's impairment as a result of her compensable injury. Dr. Bailey stated that Dr. Guberman assigned impairment ratings for unrelated, preexisting and non-compensable conditions.

On July 29, 2016, the Office of Judges affirmed the granting of no permanent partial disability award for injuries in the claim. The Office of Judges deemed Dr. Bailey's assessment to be the most persuasive report on the issue of permanent partial disability. Dr. Bailey noted that Ms. Parsons's MRI dated May 6, 2014, revealed only degenerative findings without any acute injury related changes or disc herniation. Dr. Bailey also noted that Ms. Parsons has a history of back pain and had previously been diagnosed with degenerative disc disease of the lumbar spine, lumbar spondylosis and lumbar radiculopathy, which were all pre-existing, unrelated to the compensable injuries and non-compensable diagnoses. Given Ms. Parsons's history of lumbar pain, the Office of Judges was not persuaded by the 5% lumbar rating by Dr. Guberman. In fact, the Office of Judges stated that it appears that Dr. Guberman did not consider Ms. Parsons's condition regarding the lumbar spine prior to the injury in this claim. Likewise, the Office of Judges found Dr. Bailey's assessment of the spinal cord stimulator to be the most persuasive evidence of true impairment. Dr. Bailey did not find any whole person impairment relating to the spinal cord stimulator because it was placed to treat Ms. Parsons's preexisting conditions, and the scar arose out of treatment for non-compensable diagnoses.

The Office of Judges concluded that Ms. Parsons failed to show that the claims administrator erred in granting no permanent partial disability award for injuries in her claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum